Dear Mr. Edmiston:
You requested an Attorney General's opinion regarding the loss of eligibility for a use value assessment on a tract of property. Your first question deals with property that has a use value assessment that is sold during the year to an individual and/or business and that individual and/or business immediately changes the use of that property to a use that would not qualify for a use value assessment.
You give two examples to illustrate your first question. Your first example involves a forty-acre tract of land that is receiving a use value assessment. On July 1st, the property is sold and the new owner immediately subdivides the property into lots and begins selling the lots. You question what happens to the use value assessment, and when does it happen. Your second example involves another forty-acre tract of property that has a use value assessment. In this example, the owner of the property sells two acres of the property, and these two acres are to be used for a car wash. The remaining thirty-eight acres would still remain at a use value assessment. You question what happens to the two-acre tract.
In answer to your questions, La.R.S. 47:2305A provides:
 If land having a use value assessment ceases to meet the eligibility requirements described in Section 3 of this Act,[1] the owner shall be obligated to notify the assessor in the parish or district where the property is located within sixty days following the effective date of loss of eligibility. Upon notification of loss of eligibility the assessor shall reassess the property immediately, to become effective the following tax year.
As you can see once the property ceases to meet the requirements for use value assessment, the owner must notify the assessor within sixty days. The assessor must reassess the property immediately, but the new assessment does not become effective *Page 2 
until the following tax year. Thus, in both of your examples, the use value assessment remains in effect for the current tax year.
Your second question is whether a use value assessment can be placed on lots in a subdivision. As an example, you ask us to consider a subdivision which is platted into two-acre lots, in which a person buys two lots (four acres total). You ask whether such property is eligible for a use value assessment.
The statutes governing use value, La.R.S. 47:2301, et. seq., set forth the requirements for receiving a use value assessment. Those statutes do not prohibit a use value assessment on lots in a subdivision. Therefore, as long as the property in question meets all of the requirements for a use value assessment, the fact that the property is located in a subdivision does not disqualify the property from receiving a use value assessment.
Trusting this adequately responds to your request, we remain
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_____________________ KENNETH L. ROCHE, III Assistant Attorney General
[1] La.R.S. 47:2303